

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

January 29, 1964

Col. Homer Garrison, Jr.                Opinion No. C-211
Director
Texas Department of Public              Re: Whether the Department of
  Safety                                  Public Safety can permit
Austin, Texas                               inspection of motor vehi-
                                            cles, semi-trailers, or
                                            pole trailers by State
                                            inspectors at a point out-
                                            side of Texas, under the
                                            provisions of Article
Dear Col. Garrison:                         6701d, Sec. 140(d).

     You have requested an opinion of this office on the
following questions:

     "1. Can the Department of Public Safety
permit inspection of motor vehicles, semi-
trailers, or pole trailers by State Inspectors
at a point outside of Texas, under the pro-
visions of Article 6701d, Sec. 140(d)?

"We also request your interpretation of the
following two questions relative to the in-
spection of vehicles as required in Article
6701d, Sec. 140, 141 and 142:

     "1. If the Department of Public Safety is
assured that motor vehicles, semi-trailers or
pole trailers receive a thorough and bona fide
inspection pursuant to the provisions of Article
6701d, Sec. 140, 141 and 142, may there be a
waiver of the requirement that such inspection
be made in Texas at a State-appointed inspection
station?

     "2. Would the safety requirements of the
Interstate Commerce Commission as set forth
in Part 196-1 to 196-6 of 49 USC 304 be in
conflict with Article 6701d, Sec. 140, 141 and
142 of V.A.T.S. or in the alternative, would
these safety requirements suffice to permit
State Inspectors to make such inspections out-
side of Texas and still meet legislative in-
tent of the Inspection Law?"

Section 140(a) of Article 6701d, Vernon's Civil Statutes requires every owner of a motor vehicle, trailer, or semi-trailer, pole trailer, or mobile home, "registered in this State" to have certain equipment on the vehicles "inspected at State-appointed inspection stations or by State inspectors as hereinafter provided."

Section 140(d) of Article 6701d, Vernon's Civil Statutes reads as follows:

"(d) The Department /of Public Safety/ may, in its discretion, permit inspection as herein provided to be made by State inspectors under such terms and conditions as the Department may prescribe. Provided, however, the Department may authorize the acceptance in this State of a certificate of inspection and approval issued in another state having a similar inspection law and may extend the time within which a certificate shall be obtained by the resident owner of a vehicle which was not in this State during the time an inspection was required."

The statute allows the inspections by those State inspectors to be made at the discretion of the Department "under such terms and conditions as the Department may prescribe." There is no limit as to where the inspectors may operate geographically. The inspectors' actions are governed by State statutes and by the terms and conditions prescribed by the Department of Public Safety and the inspection of the vehicles is made mandatory for cars "registered in Texas." These inspectors, therefore, have no authority to issue inspection certificates for cars registered any other place. The inspection, as evidenced by the sticker on the windshield, has no significance or legal consequence outside of the geographical limits of the State of Texas. We can see no infringement of the sovereignty or prerogative of any foreign state by an inspection made on a motor vehicle in the foreign state by an inspector sent from Texas. The authorized inspector of the Department has no authority to do anything in the foreign state affecting or having legal consequences of any type in the foreign state and his actions as performed under the authority of the Texas statute and the terms and conditions prescribed by the Department are effective only within the geographical limits of the State of Texas. We are, therefore, of the opinion that State inspectors may, in the discretion of the Texas Department of Public Safety and operating under such terms and conditions as the Department may prescribe, inspect motor vehicles wherever they may

find them. It should be noted that the cost of all travel expense necessary to effectuate such inspection must be borne by the State. Article 6823a, Section 4, Vernon's Civil Statutes.

Your question asking whether the Department may waive an inspection if it is assured that the motor vehicles "receive a thorough and bona fide inspection pursuant to the provisions of Article 6701d, Sec. 140, 141 and 142," we answer that there can be no waiver of the inspection. The statute is specific and requires inspections of the motor vehicles at State-appointed inspection stations or by State Inspectors. There is nothing in the statute permitting or allowing a waiver of the inspection, except as authorized by Section 140(d) of Article 6701d. However, as pointed out above, it is not necessary that the inspection by a State Inspector be made within the territorial limits of the State of Texas.

Your question asking whether the safety requirements of the Interstate Commerce Commission are in conflict with Article 6701d, Sections 140, 141 and 142, we also answer in the negative. We see no question of pre-emption of State authority by Federal authority. The Supreme Court of the United States in Stephenson v. Binford, 287 U.S. 251 (1932), held that the highways of the State are the public property of the State and as such subject to control by the State. Inasmuch as these inspection laws were passed under the police powers of the State in an attempt to make the public highways safer for the public traveling on these highways, which are owned by the State, these laws are a valid exercise by the State Legislature of State police power. There is no question of Federal pre-emption present.

## SUMMARY

The Texas Department of Public Safety may, in its discretion, permit inspection of motor vehicles, semi-trailers, or pole trailers by State Inspectors at a point outside of Texas under the provisions of Article 6701d, Section 140(d).

The Texas Department of Public Safety has no authority to waive the inspection required by Article 6701d, Section 140 et seq. of a motor vehicle registered in Texas.

Safety requirements of the Interstate Commerce Commission are not in conflict with

the motor vehicle inspection requirements of
Article 6701d, Section 140 et seq.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By _Norman V. Suarez_
Norman V. Suarez
Assistant Attorney General

NVS:aj:br

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
V. F. Taylor
Pat Bailey
H. Grady Chandler
Cecil Rotsch

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone